# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | CASE NUMBER 6:13-CR-00013-RC |
| v. § | |
| § | |
| § | |
| § | |
| DANA LEE GRAY § | |
| § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 21, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Dana Lee Gray. The government was represented by Frank Coan, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of at Least 20 Grams but Less Than 30 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 17 and a criminal history category of III, was 30 to 37 months. On March 24, 2014, District Judge Leonard Davis sentenced Defendant to 30 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and participation in drug/alcohol treatment. On May 19, 2015, Defendant completed the term of imprisonment and began her term of supervised release.

Under the terms of supervised release, Defendant was required to refrain from possession and use of any controlled substances. In its petition, the government alleges that Defendant violated her condition of supervised release by submitting urine specimens that tested positive for methamphetamine on July 21, 2016; September 14, 2016; and October 17, 2016. The government represents that based on Fifth Circuit case law, the Court can find that illicit drug use constitutes possession.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. In exchange, the government recommended to the Court a sentence of 8 months imprisonment with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Dana Lee Gray be committed to the custody of the Bureau of Prisons for a term of imprisonment of 8 months with no supervised release to follow. The Court **FURTHER RECOMMENDS** that the place of confinement be Bryan, Texas to facilitate family visitation and substance abuse treatment. The Court also **RECOMMENDS** any substance abuse and rehabilitative treatment available to Defendant while incarcerated.

**So ORDERED and SIGNED this 21st day of February, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE